UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
                                     :

DAISY WRIGHT                    :        3:09 CV 1733 (JBA)
                                       :

V.                                :
                                       :

MICHAEL J. ASTRUE           :
COMMISSIONER OF SOCIAL SECURITY   :       DATE: DECEMBER 17, 2010
                                       :
------------------------------------------------------- x

## RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION

On November 10, 2010, this Magistrate Judge issued a thirty-nine page Recommended Ruling on Plaintiff's Motion for Order Reversing the Decision of the Commissioner, or in the alternative, to Remand, and on Defendant's Motion For Order Affirming the Decision of the Commissioner (Dkt. #26) ["Recommended Ruling"], familiarity with which is presumed. On November 23, 2010, defendant filed a limited objection to the Recommended Ruling in that "the Recommended Ruling improperly orders remand for vocational expert testimony regarding [p]laintiff's residual functional capacity." (Dkt. #27).

In the Recommended Ruling, this Magistrate Judge held that "the ALJ's conclusion that plaintiff can do 'frequent fine finger manipulation and grasping,' and 'frequent fine fingering,' is not supported by substantial evidence in the record[,]" (at 36), and in assessing plaintiff's residual functional capacity, the ALJ's assessment of the medical record did not account for absences that plaintiff may experience when symptoms of her arthritic condition flare. (At 36-37). This Magistrate Judge then recommended that this "matter be remanded to the ALJ for a correct determination of plaintiff's RFC, which can only be made after taking testimony from a vocational expert concerning whether there are any jobs that can be performed by

1

someone with plaintiff's precise RFC." (Recommended Ruling at 38).  As stated further in the Recommended Ruling, testimony would be taken from a vocational expert "for a complete determination of plaintiff's RFC with consideration of the particular nature of plaintiff's rheumatoid arthritis . . . ." (Id. at 38-39)(emphasis omitted).

Defendant objects to this recommended remedy as it "misconstrues the role of the vocational expert." (Dkt. #27, at 2).  The Magistrate Judge construes defendant's Objection as a Motion for Reconsideration and in doing so, grants defendant's Motion.  On remand, the ALJ shall solicit the testimony of a medical expert regarding plaintiff's rheumatoid arthritis, and its impact on her ability to do work-related activities.  See 20 C.F.R. § 404.1513(c)(an ALJ will consider RFC assessments made by State agency medical consultants, medical experts, and other program physicians).  Additionally, the ALJ shall make specific findings of exactly what plaintiff can do, especially with respect to her fine fingering and grasping.  Once plaintiff's complete limitations are established, and a complete determination of plaintiff's RFC with consideration of the particular nature of plaintiff's rheumatoid arthritis is made, then a vocational expert shall testify as to whether a claimant with plaintiff's limitations, can perform her past relevant work or other work in the national economy.  See 20 C.F.R. §§ 404.1560, 404.1566; Ferraris v. Heckler, 728 F.2d 582, 586-87 (2d Cir. 1984)(remand to the ALJ for specific findings of exertional limitations); Aubeuf v. Schweiker, 649 F.2d 107, 114 (2d Cir. 1981)(citation & footnote omitted)("The vocational expert's testimony is only useful if it addresses whether the particular claimant, with his limitations and capabilities, can realistically perform a particular job.").

Dated this 17th day of December, 2010 at New Haven, Connecticut.

            <u>Joan G. Margolis, USMJ</u>
Joan Glazer Margolis
United States Magistrate Judge